UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                     :

FXR CONSTRUCTION, INC.,            :

                   Plaintiff,       :

                                    :        20 Civ. 11086 (JPC)

        -v-               :

                                    :        <u>ORDER</u>

FEDERAL INSURANCE COMPANY aka CHUBB and :
JOHN DOES 1 TO 10,

                                    :

               Defendants.    :

                                    :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       The Complaint alleges that this Court has subject matter jurisdiction over the case under 28

U.S.C. § 1332, which requires diversity of citizenship. *See* Dkt. 1 ("Complaint") ¶ 4. The

Complaint fails, however, to properly allege the citizenship of Defendants.

       First, the Complaint alleges that Defendant Federal Insurance Company has its principal

place of business in New Jersey but makes no allegation as to Federal Insurance Company's form

of business organization, its state of incorporation, or its members' citizenship. *Id.* ¶ 2. But "a

corporate entity['s] . . . citizenship is determined by its place of incorporation [and] principal place

of business, [and] the citizenship of an unincorporated association . . . is determined by the

citizenship of each of its members." *United Food Loc. 919 v. Centermark Props.*, 30 F.3d 298, 302

(2d Cir. 1994).

       Second, the Complaint alleges that John Does 1 through 10 are necessary parties. Although

the Complaint was filed on December 30, 2020, it was never amended to identify these John Doe

Defendants. Those Defendants, however, remain in this case, even though they have not been

served and, not surprisingly, have not appeared. But most troubling, the Complaint makes no

allegation as to their citizenships, or even whether they are natural persons or business

organizations.  Complaint ¶ 3.  But "[a]lthough the Second Circuit has not weighed in on the issue,"

"[n]umerous courts around the country" and in this Circuit have held that "[section] 1332 cannot

be invoked where unidentified Doe defendants, integral to determining diversity jurisdiction, are

named in the complaint."  *Hang Yan Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 448

(S.D.N.Y. 2014); *but see id.* (collecting cases supporting a "wait-and-see" approach under which

"diversity is destroyed only if an unknown defendant is later found to share the plaintiff's

domicile").  The Court is particularly concerned given that this case concerns a New York lien on

a New York property, *see* Complaint ¶¶ 44-49, and it thus seems likely that one or more of the

unknown lienors shares Plaintiff's New York citizenship, *see id.* ¶ 1.

"Although a plaintiff premising federal jurisdiction on diversity of citizenship is required to

include in its complaint adequate allegations to show that the district court has subject matter

jurisdiction, its failure to do so does not always require that the action be dismissed."  *Durant,*

*Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009)

(citation omitted).  That is because "the actual *existence* of diversity jurisdiction, *ab initio,* does not

depend on the complaint's compliance with these procedural requirements."  *Id.* (quotations

omitted).

When a complaint fails to properly allege jurisdiction, Courts generally have two

options.  One option is to "allow a complaint to be amended to assert" those "facts necessary to the

establishment of diversity jurisdiction."  *Id.* (quotations omitted).  Another option is that "when

the record as a whole, as supplemented, establishes the existence of the requisite diversity of

citizenship between the parties, [the Court] may simply deem the pleadings amended so as to

properly allege diversity jurisdiction."  *Id.* (quotations omitted).

Given that the parties have already fully briefed Federal Insurance Company's motion to

dismiss, supplementing the record—rather than amending the Complaint—would preserve judicial

resources.  Thus, by February 18, 2022, Plaintiff must submit an affidavit outlining all Defendants'

citizenships.  *See Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (ordering the

parties after oral argument on appeal "to submit additional affidavits regarding the plaintiff's

domicile and the defendant's state of incorporation" to establish whether diversity jurisdiction

existed).  By February 22, 2022, Federal Insurance Company must file a letter with their views as

to whether diversity of citizenship exists.  If Federal Insurance Company, or any of the John Doe

Defendants for that matter, contests diversity jurisdiction, that Defendant must also file an affidavit

addressing any facts Plaintiff includes in its affidavit or otherwise relevant to the diversity analysis.

     SO ORDERED.

Dated: February 11, 2022
     New York, New York

                              JOHN P. CRONAN
                        United States District Judge